**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMY L. FINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1989 JCH |
| | ) | |
| STEVEN H. GOLDMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and *Bivens*. The motion is denied because this case is duplicative of a previous case the Court dismissed on § 1915(e) review. Further, plaintiff has failed to pay the filing fee in a timely manner, and as such, this action is subject to dismissal pursuant to Fed.R.Civ.P.41(b).

On April 3, 1997, petitioner was charged in state court with sexual assault and drug charges. *Missouri v. Finley*, No. 2197R-01553-01 (St. Louis County). Subsequently, on November 20, 1997, plaintiff was charged in this Court with racketeering and murder, and the Court found him guilty after a bench trial. *United States v. Finley*, No. 4:97-CR-455 SNLJ. On July 29, 1998, the Court sentenced him to 216 months' imprisonment. *Id.*

Plaintiff was not tried on the state charges until May 10, 2003. He moved to dismiss the charges on the basis that his that his rights under the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 *et seq.* (the "Act"), were violated. He claimed the state court had violated the anti-shuttling provision and speedy-trial requirement of the Act. The court denied his motion.

In this case, plaintiff seeks declaratory and injunctive relief, including release from confinement, based on his argument that the state court violated the anti-shuttling provision and speedy-trial requirement of the Act.

Plaintiff brought the same allegations in *Finley v. Steele*, No. 4:16-CV-1120 SPM. The Court dismissed the action because, among other things, it was barred by the statute of limitations. The Court denied plaintiff's motion to proceed in forma pauperis on July 27, 2017, and on that same date ordered plaintiff to pay the full $400 filing fee. Plaintiff moved for reconsideration of the Court's Order on August 11, 2017, but the Court denied plaintiff's motion for reconsideration on August 14, 2017. Plaintiff has failed to pay the filing fee as of today's date.

A plaintiff may not proceed in forma pauperis more than once on the same claims. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Therefore, as noted in the Court's prior Memorandum and Orders, plaintiff's motions to proceed in forma pauperis must be denied. Furthermore, as plaintiff has failed to pay the full filing fee in the time specified by this Court, this action will be dismissed pursuant to Fed.R.Civ.P.41.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's action is subject to dismissal as duplicative of his prior actions before this Court.

**IT IS FURTHER ORDERED** that plaintiff's action is alternatively subject to dismissal for his failure to pay the full $400 filing fee when ordered to do so. *See* Fed.R.Civ.P.41(b).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of July, 2017.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE